IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DAVID ORTIZ AND ADELAIDA ORTIZ, | § | |
|     *Plaintiffs* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:20-cv-00001 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY, BRETT | § | |
| ANDERSON AND CODY MONZINGO | § | |
|     *Defendants* | § | |

**NOTICE OF REMOVAL**

Defendant Travelers Lloyds of Texas Insurance Company ("Travelers"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action Cause Number 19-11-85230-B; *David Ortiz and Adelaida Ortiz v. Travelers Lloyds of Texas Insurance Company, Brett Anderson and Cody Monzingo;* In the 135th Judicial District Court of Victoria County, Texas. In support of this Notice of Removal, Travelers respectfully represents the following:

1. David Ortiz and Adelaida Ortiz ("Ortiz" or "Plaintiffs") commenced the captioned action by filing Plaintiff's Original Petition on November 22, 2019, in the 135th Judicial District Court of Victoria County, Texas (the "Petition").[1] Travelers was served on December 6, 2019.

2. A copy of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith. [*See* Index of Matters Being Filed, (a) Plaintiff's Original Petition, filed 11/22/2019; (b) Civil Case Information Sheet, filed 11/22/2019; (c) Civil Process Request

---

[1] *See,* Exhibit "A," attached hereto and incorporated herein by reference as if set forth verbatim, that being a true and correct copy of Plaintiffs' Original Petition in Cause No. 19-11-85230-B; *David Ortiz and Adelaida Ortiz v. Travelers Lloyds of Texas Insurance Company, Brett Anderson and Cody Monzingo;* In the 135th Judicial District Court of Victoria County, Texas.

1

Form requesting citation for Cody Monzingo, filed 11/22/2019; (d) Civil Process Request Form requesting citation for Travelers Lloyds of Texas Insurance Company and Brett Anderson, filed 11/22/2019; (e) Citation to Travelers Lloyds of Texas Insurance Company, dated 12/2/2019; (f) Citation to Brett Anderson, dated 12/2/2019; (g) Citation to Cody Monzingo, dated 12/2/2019; (h) Return of Service for Travelers Lloyds of Texas Insurance Company, filed 12/6/2019; (i) Return of Service for Cody Monzingo, filed 12/11/2019; (j) Return of Service by Mail for Brett Anderson, filed 12/13/2019; (k) E-File Letter Requesting copy of State Court Record, filed 12/19/2019; and (l) Defendants Travelers Lloyds of Texas Insurance Company, Brett Anderson and Cody Monzingo's Original Answer, filed on 12/31/2019.]

3. The Petition avers that Plaintiffs are individuals residing in Victoria County, Texas.[2] The Petition alleges that Travelers is "a domestic insurance company authorized to engage in the business of insurance in the State of Texas."[3] In fact, Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)(" For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.). On the date of this removal and at all relevant times, including the date suit was filed, Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of its underwriters are

---

[2] *See* Ex.A, Petition at p. 2, ¶ 2.
[3] S*ee* Ex.A, Petition at p. 2 ¶ 3.

citizens of Texas.[4] Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of Connecticut.

4. The Petition alleges that defendant, Brett Anderson, ("Anderson"), is a resident and a citizen of the state of Texas.[5]

5. The Petition also alleges that defendant, Cody Monzingo, ("Monzingo"), is a resident and citizen of the state of Texas.[6]

6. The Petition alleges that Plaintiffs own property in Victoria, Texas insured under an Insurance Policy issued by Travelers.[7] The Petition alleges that Plaintiffs suffered extensive wind and wind-related damages as a result of Hurricane Harvey at the residence on or about August 25, 2017 through September 1, 2017.[8] The Petition further alleges that Plaintiffs submitted a claim for the damage[9], at which point Travelers allegedly denied and/or underpaid Plaintiffs' claims for damages to the Property.[10] Plaintiffs alleged that Travelers assigned Anderson and Monzingo to investigate and adjust Plaintiffs' claim.[11] Plaintiffs alleged that Anderson and Monzingo "failed to perform a reasonable or adequate investigation"[12] and "wrongly and unreasonably attributed the roof damage which was present and which they personally observed to a [repaired] prior claim"[13] and "Plaintiffs suffered actual damages resulting from Travelers Lloyds', Mr. Anderson's, and Mr. Monzingo's wrongful acts and omissions. . . ."[14]

---

[4] *See* Exhibit B.
[5] S*ee* Ex.A, Petition at p. 2 ¶ 4.
[6] S*e* Ex.A *e*, Petition at p. 3 ¶ 5.
[7] S*ee* Ex.A, Petition at p. 3 ¶ 11.
[8] S*ee* Ex.A, Petition at p. 3 ¶ 12-13.
[9] S*ee* Ex.A, Petition at p. 4 ¶ 14.
[10] S*ee* Ex.A, Petition at pp. 4-6 ¶¶ 15-26.
[11] S*ee* Ex.A, Petition at p. 4 ¶ 16.
[12] S*ee* Ex.A, Petition at p. 4 ¶ 17.
[13] S*ee* Ex.A, Petition at p. 5 ¶ 20.
[14] S*ee* Ex.A, Petition at p. 6 ¶ 24.

7. Plaintiffs assert the following causes of action against Travelers: (1) Breach of Contract; (2) Non-Compliance of Texas Insurance Code: Unfair Settlement Practices; (3) Non-Compliance of Texas Insurance Code: Prompt Payment of Claims Act; (4) Breach of the Duty of Good Faith and Fair Dealing; (5) Fraud; and (6) Conspiracy to Commit Fraud. Additionally, Plaintiffs assert these claims solely against Anderson and Monzingo: (1) Texas Insurance Code, unfair settlement practices violation; (2) Fraud; and (3) Conspiracy to Commit Fraud.

8. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

9. Consent to this removal by Anderson and Monzingo is unnecessary as they were improperly joined as a parties.

10. Travelers does not admit the underlying facts as alleged by Plaintiffs or as summarized above. Further, Travelers expressly denies that it has any liability to Plaintiffs.

**ANDERSON AND MONZINGO ARE IMPROPERLY JOINED**

11. Improper joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal.[15] If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes.[16] The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts, or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court.[17] A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[18]

---

[15] *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).
[16] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).
[17] *Id.* (citations omitted).
[18] *Smallwood* 385 F. 3d at 573 n 9, *quoting Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

4

12. Anderson was served with Plaintiffs' Original Petition on December 11, 2019. Monzingo was served with Plaintiffs' Original Petition on December 10, 2019. Both Anderson and Monzingo have been improperly joined. Both Anderson and Monzingo worked for Travelers handling Plaintiffs' claim. By letter dated January 22, 2019, ten months before the state court case was filed by Plaintiffs, Travelers accepted whatever liability any of its agents/adjusters had with respect to the claims presented to Travelers by Plaintiffs.[19] Such letter stated that:

> Consistent with Texas Insurance Code § 542A.006, Defendant Travelers Lloyds of Texas Insurance Company elects to accept the liability, if any, of its adjusters, including Cody Monzingo, that they might have to your clients, David and Adelaida Ortiz, for any acts or omissions by the adjusters, that may be related in any way to the claim made the basis of the above-referenced lawsuit.

13. Where the insurer elected to assume liability of its agents before the lawsuit was filed against the agents as defendants, the agents have been improperly jointed.[20] The court has the right to consider the election letter sent by Travelers, find that Plaintiffs have no possibility of recovery against the individual agents/adjusters Anderson and Monzingo, and dismiss the claims against those adjusters with prejudice, as Texas law requires when an insurer has accepted its agents' liability through written notice to the insured.[21] Thus, Anderson and Monzingo will and must be dismissed from this case.

17. The election by Travelers referenced above makes clear that Anderson and Monzingo must be dismissed from this action pursuant to Rule 542.006 of the Texas Insurance Code.

---

[19] *See* Exhibit C, Correspondence dated January 22, 2019 to Plaintiffs' counsel.
[20] *Vyas v. Atain Specialty Insurance Company*, 380 F Sup. 3d 609, 612-613 (S.D. Tex. 2019); *Electro Grafix Corporation v. Acadia Insurance Company*; 18-CA-589; 2018 WL 3865416 (W.D. Tex., Aug. 14, 2018).
[21] *Vyas*, 380 F.Supp.3d at 613; Texas Insurance Code § 542A.006(a)-(b).

18. This Court should find that Anderson and Monzingo were improperly joined for purposes of diversity jurisdiction.

## **DIVERSITY JURISDICTION**

19. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs are citizens of Texas. Travelers is organized in Connecticut with its principal place of business in Connecticut. Consequently, there is complete diversity of citizenship.

24. The amount in controversy exceeds the jurisdiction minimum of $75,000 set by 28 U.S.C. § 1332(a). In the Petition, Plaintiffs allege that they seek "monetary relief in excess of $100,000 and less than $200,000."[22] Plaintiffs also seek penalties, costs, expenses, pre-judgment interest, and attorney fees.[23] Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[24] Given the nature of Plaintiffs' claims against Defendant, the alleged damages in this action clearly exceed $75,000, exclusive of interest and costs.[25]

25. Moreover, because Plaintiffs in Texas are not limited to recovery of damages requested in their pleadings, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."[26] "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings."[27] No binding stipulation

---

[22] See Ex.A, Petition, at p. 2, ¶ 6.
[23] See Ex.A, Petition, at pp. 16-17, ¶¶ 70-77
[24] *See H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).
[25] *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).
[26] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)).
[27] *Id.* at 1412 n.10.

6

or affidavit was filed with Plaintiffs' Petition.

## REMOVAL PROCEDURE

26.     The clerk of the 135th Judicial District Court of Victoria County, Texas has been provided notice of this removal.

27.     Pursuant to Local Rule 81, copies of the following documents are hereby provided to the clerk for filing in connection with this Notice of Removal:

- a.     An index of matters being filed;
- b.     The state court file, including any and all executed process, pleadings and exhibits thereto, state court orders, and the state court docket sheet; and
- c.     A list of all counsel of record.

## CONCLUSION

28.     Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Travelers hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder
Texas Bar No. 24072938
Federal ID No. 1096795
lschexnyder@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA  70810
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195
**ATTORNEY-IN-CHARGE FOR TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, BRETT ANDERSON AND CODY MONZINGO**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 2nd day of January, 2020, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile to:

Mr. Andrew C. Cook                                                       ***Via E-File***
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
P: 713-401-2890
F: 682-200-2849

Sean H. McCarthy
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
P:  713-230-2200
F:  713-643-6226

                                                  */s/ LaDonna G. Schexnyder*
                                                  LaDonna G. Schexnyder