Filed 11/22/2019 3:23 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. **19-11-85230-B**

| | | |
|---|---|---|
| **DAVID ORTIZ and ADELAIDA ORTIZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **VICTORIA COUNTY, TEXAS** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY, BRETT** | § | |
| **ANDERSON and CODY MONZINGO** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

Come Now Plaintiffs, David and Adelaida Ortiz, file this Plaintiffs' Original Petition against Defendants, Travelers Lloyds of Texas Insurance Company, Brett Anderson and Cody Monzingo and for cause of action, would respectfully show:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party homeowners' insurance claim arising out of Plaintiffs' covered property damages caused by Hurricane Harvey. This dispute involves complex legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will require extensive and detailed discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs' Claim, as well as the systematic approach by Travelers Lloyds of Texas Insurance Company and its Adjusters to the handling of catastrophic loss property damage claims arising from Hurricane Harvey. Plaintiffs therefore respectfully ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

**EXHIBIT
A**

## II. PARTIES

2.      Plaintiffs, David and Adelaida Ortiz, are Texas citizens who reside in Victoria County, Texas.

3.      Defendant, Travelers Lloyds of Texas Insurance Company ("Travelers Lloyds"), is a domestic insurance company authorized to engage in the business of insurance in the State of Texas. Travelers Lloyds may be served with process through its registered agent, Corporation Service Company, via certified mail, return receipt requested, at 211 East 7th St. Suite 620, Austin, TX 78701.

4.      Defendant, Brett Anderson, is an individual licensed adjuster, who has done business in the State of Texas. Mr. Anderson may be served with process by certified mail, return receipt requested, at his primary place of business located at: P.O. Box 65100 San Antonio, TX 78265.

5.      Defendant, Cody Monzingo, is an individual licensed adjuster, who has done business in the State of Texas. Mr. Monzingo may be served with process by certified mail, return receipt requested, at his primary place of business located at: 2230 Sun Chase Blvd. New Braunfels, TX 78130.

### III. JURISDICTION AND VENUE

6.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief in excess of $100,000.00 and less than $200,000.00.

7.      This Court has personal jurisdiction over Travelers Lloyds because Travelers Lloyds is an insurance company authorized and engaged in the business of insurance in Texas and Plaintiffs' causes of action arise out of Travelers Lloyds business activities in this State.

8.      This Court has personal jurisdiction over Brett Anderson because Brett Anderson is a licensed adjuster who engaged in the business of adjusting insurance claims in Texas and Plaintiffs' causes of action arise out of Brett Anderson's business activities in this State.

9.      This Court has personal jurisdiction over Cody Monzingo because Cody Monzingo is a licensed adjuster who engaged in the business of adjusting insurance claims in Texas and Plaintiffs' causes of action arise out of Cody Monzingo's business activities in this State.

10.     Venue is proper in Victoria County because the insured property is located in Victoria County and all or a substantial part of the events giving rise to this lawsuit occurred in Victoria County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV. FACTS

11.     Plaintiffs own the residential property at 101 Ivanhoe Dr., Victoria, Texas 77901 (the "Property"). Travelers Lloyds sold, and Plaintiffs paid for, a Texas homeowners' insurance policy (Policy No. 0CZN269524557986761) to protect and insure Plaintiffs' home, other structures, personal property, and other items applicable to the Property.

12.     From August 25th through September 1, 2017, Hurricane Harvey swept across the Texas coastal region causing widespread destruction and devastation. During this time, Hurricane Harvey's massive wind field caused widespread destruction throughout Victoria County, and to Plaintiffs' Property, specifically.

13.     Plaintiffs' Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the roofing system of the Property. The

serious and widespread damage allowed water to penetrate the house interior and led to severe interior water damage to Plaintiffs' home.

14. Following Hurricane Harvey, Plaintiffs timely reported their claim for covered damages. Travelers Lloyds acknowledged the claim and assigned it Claim No. UA42281001H. Plaintiffs asked Travelers Lloyds to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roofing system and structure, repairs to the wind damaged exterior elevations, as well as substantial structural repairs and repairs to interior areas damaged by water.

15. Plaintiffs are entitled to these benefits under the Travelers Lloyds Policy as it specifically covered Plaintiffs' home for wind and wind-related damage, and specifically, such damage caused by tropical storms and hurricanes.

16. Travelers Lloyds assigned two Adjusters, Brett Anderson and Cody Monzingo, to investigate and adjust Plaintiffs' Claim for covered loss.

17. The Adjusters, however, because of inadequate training or improper instruction, failed to perform a reasonable or adequate investigation of Plaintiffs' Claim. In the course of their "investigation", the Adjusters either completely missed or outright ignored damages that were present at the time and which were clearly attributable to Hurricane Harvey's powerful winds.

18. The inadequacy of the Adjusters' investigation and adjustment of Plaintiffs' Claim is evidenced by the fact they neither adjusted for, nor included, the full scope of Plaintiffs' roof damage and neglected even to note, much less properly address, the covered damage to multiple rooms in the Property. Plaintiffs' roof sustained extensive wind damage to its entire surface. Evidence of wind damage is readily apparent from even a casual view, as the winds ripped off an entire side of the home. The massive amount of roof and exterior damage allowed water to

penetrate the Property's envelope in multiple locations and resulted directly in the significant interior damage, which damage the Adjusters also failed to document properly or sufficiently.

19.     Although Plaintiffs notified, and later, reminded Travelers Lloyds numerous times of the significant and widespread roof and exterior damage causing substantial additional damage throughout the interior of their home, the Adjusters failed to fully or adequately inspect or adjust the damaged areas of Plaintiffs' home. The Adjusters' failure to evaluate and adjust the full extent of the wind-damaged Property resulted in improperly under-scoped and consequently undervalued estimates for repairs that were submitted to Travelers Lloyds, which Travelers Lloyds affirmed and adopted as its own.

20.     The Adjusters wrongly and unreasonably attributed the roof damage which was present and which they personally observed to a [repaired] prior claim, effectively denying coverage on the devastating hurricane damage to the roof. The repairs for damage the Adjusters chose to include do not fully address or even adequately document the true extent of such damage. For example, the estimates provide for repairs to portions of the soffit, fascia and trim board but do not include the removal or labor components for these line items.

21.     The Adjusters improperly deduct depreciation for partial repair items throughout their estimates.

22.     The Adjusters failed to include all necessary materials in their scope of repairs to the garage, and they failed to address detaching and replacing the light fixtures, shelving and moving of contents in the home or garage, including the large freezer. They also failed to include removal and replacement of interior paneling as well as the folding attic access ladder, nor did they include wall protection while applying ceiling texture or floor protection or even post-repair clean up.

23.     The Adjusters also failed to include crucial line items such as generators to run fans and other tools for repairs and labor or minimum charges.

24.     Plaintiffs contend that, upon information and belief, Travelers Lloyds, Mr. Anderson and Mr. Monzingo set out and sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages. At minimum, Travelers Lloyds ratified the Adjusters' unreasonable and improper "investigation" of the Claim, resulting in Plaintiffs' Claim effectively being improperly denied in part as well as undervalued and underpaid on those items that were included. Plaintiffs have suffered actual damages resulting from Travelers Lloyds', Mr. Anderson's and Mr. Monzingo's wrongful acts and omissions as set forth above and further described herein.

25.     In short, Plaintiffs have yet to receive the full amount of payment to which they are entitled under the Policy because the Claim was improperly and unreasonably adjusted.

26.     Defendant Travelers Lloyds failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Travelers Lloyds' conduct constitutes a breach of the insurance contract between Travelers Lloyds and Plaintiffs.

27.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

28.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

29. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entirety of Plaintiffs' losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

30. Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

31. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

32. Defendant Travelers Lloyds failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Travelers Lloyds' conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

33.     Defendant Travelers Lloyds failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Travelers Lloyds' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

34.     Defendant Travelers Lloyds failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. Travelers Lloyds' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

35.     From and after the time Plaintiffs' claim was presented to Defendant Travelers Lloyds, the liability of Travelers Lloyds to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Travelers Lloyds has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Travelers Lloyds' conduct constitutes a breach of the common law duty of good faith and fair dealing.

36.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

37.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firms who are representing them with respect to these causes of action.

38.     Plaintiffs' experience is not an isolated case. The acts and omissions Travelers Lloyds committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Travelers Lloyds with regard to handling these types of claims. Travelers Lloyds' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## V. CAUSES OF ACTION

### CAUSES OF ACTION AGAINST BRETT ANDERSON
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

39.     Mr. Anderson's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

40.     Mr. Anderson is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Travelers Lloyds' plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

41.     Mr. Anderson's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42.     Mr. Anderson's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

43.     The unfair settlement practice of Mr. Anderson, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

44.     Mr. Anderson's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

45.     Mr. Anderson's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST CODY MONZINGO
### TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

46.     Mr. Monzingo's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

47.    Mr. Monzingo is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Travelers Lloyds' plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

48.    Mr. Monzingo's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

49.    Mr. Monzingo's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX. INS. CODE §541.060(a)(2)(A).

50.    The unfair settlement practice of Mr. Monzingo, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

51.    Mr. Monzingo's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

52.    Mr. Monzingo's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST TRAVELERS LLOYDS, ONLY

#### BREACH OF CONTRACT

53.    An insurance policy is a contract under Texas law. Travelers Lloyds failed to perform its contractual duties to adequately compensate Plaintiffs in accordance to the terms of the Policy that they wrote and sold to Plaintiffs. Specifically, Travelers Lloyds refused to pay the full amount of benefits owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Travelers Lloyds' conduct constitutes a breach of the insurance contract between Travelers Lloyds and Plaintiffs.

#### NON-COMPLIANCE BY TRAVELERS LLOYDS WITH THE TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES

54.    Travelers Lloyds' conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

55.    Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Travelers Lloyds' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs'

damages; (2) stating—by way of the estimate—the Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using the Adjusters' statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

56.     Travelers Lloyds' unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

57.     Travelers Lloyds' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

58.     Travelers Lloyds failed to explain to Plaintiffs the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim. Furthermore, Travelers Lloyds did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim. Travelers Lloyds' conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a)(3).

59.     Although promptly reported by Plaintiffs to Travelers Lloyds, Travelers Lloyds did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. Travelers Lloyds' unfair settlement practice, as described above, of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NON-COMPLIANCE BY TRAVELERS LLOYDS WITH THE TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT

60.     Travelers Lloyds' conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

61.     Travelers Lloyds' failure—and on-going refusal—to remit full payment of the amounts owed on Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.     Travelers Lloyds' conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insureds claims.

63.     Travelers Lloyds' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, despite the fact that at the very same time, Travelers Lloyds knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Travelers Lloyds' duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

64.     Defendants are liable to Plaintiffs for common law fraud.

65.     Each and every one of the representations, as described above concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Travelers Lloyds, Mr. Anderson and Mr. Monzingo knew was false or made recklessly without any knowledge of their truth as a positive assertion.

66.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

67.     Defendants Travelers Lloyds, Brett Anderson and Cody Monzingo are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## VI. KNOWLEDGE

68.     All of the acts described above, together and singularly, were committed "knowingly" as that term is used in the TEXAS INSURANCE CODE and were a producing cause of Plaintiffs' damages described herein.

## VII. CONDITIONS PRECEDENT

69.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Travelers Lloyds waived the same. This includes, but is not limited to, providing

notice pursuant to TEX. INS. CODE §542A.003 and pre-litigation alternative dispute resolution, if any. Plaintiffs plead, would show, and do aver that—to the extent any Defendant or Defendants might allege that Plaintiffs' presuit Notice fails, was invalid, or failed to conform strictly with the timeline required by §542A.003(a)—Plaintiffs' presuit notice and the filing of this lawsuit fall within the savings clause of §542A.003(d)(1).

## VIII.  DAMAGES

70.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

71.     As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above.

72.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

73.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees. For knowing conduct of the acts and conduct described and complained of above, Plaintiffs are entitled to, and hereby, seek recovery of three times their actual damages. TEX. INS. CODE §541.152.

74.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the

applicable rate as determined under TEX. INS. CODE §542.060(a), §542.060(c), and TEX. FIN. CODE §304.003, together with reasonable and necessary attorneys' fees, which shall be taxed as part of the costs in the case.

75.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Travelers Lloyds' breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

76.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

77.     For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## IX.  JURY DEMAND

78.     Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Victoria County, Texas.

## X.  DISCOVERY REQUESTS TO DEFENDANT

### REQUEST FOR DISCLOSURE

79.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are required to disclose, within 50 days of receipt of service, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### REQUEST FOR PRODUCTION

80.     Plaintiffs' First Request for Production to Defendant Travelers Lloyds is attached hereto as "Exhibit A". Defendant Travelers Lloyds is required to provide, within 50 days of service of same, its written responses to these Requests, as well as copies of all documents or information responsive to same, to Plaintiffs via counsel, whose names are subscribed to this pleading.

### REQUEST FOR ADMISSION

81.     Plaintiffs' First Request for Admission to Defendant Travelers Lloyds is attached hereto as "Exhibit B". Defendant Travelers Lloyds is required to provide, within 50 days of service, its Responses to these Requests to Plaintiffs via counsel, whose names are subscribed to this pleading.

### INTERROGATORIES

82.     Plaintiff David Ortiz's First Set of Interrogatories to Defendant Travelers Lloyds is attached hereto as Exhibit "C-1". Defendant Travelers Lloyds is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via counsel, whose names are subscribed to this pleading.

83.     Plaintiff David Ortiz's First Set of Interrogatories to Defendant Brett Anderson is attached hereto as Exhibit "C-2". Defendant Mr. Anderson is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via counsel, whose names are subscribed to this pleading.

84.     Plaintiff David Ortiz's First Set of Interrogatories to Defendant Cody Monzingo is attached hereto as Exhibit "C-3". Defendant Mr. Monzingo is required to provide, within 50 days of service of same, its verified responses to these Interrogatories to Plaintiffs via counsel, whose names are subscribed to this pleading.

## DESIGNATED E-SERVICE EMAIL ADDRESS

85.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and will recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,
**THE COOK LAW FIRM, PLLC**

By: /s/ Andrew C. Cook
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (682) 200-2849
    Email: efile@texinsurancelaw.com

**AND:**
    Sean H. McCarthy
    State Bar No. 24065706
    WILLIAMS HART BOUNDAS EASTERBY, LLP
    8441 Gulf Freeway, Suite 600
    Houston, Texas  77017
    Tel. (713) 230-2200
    Fax (713) 643-6226
    smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFFS**

# **DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (efile@texinsurancelaw.com). This is the undersigned's **ONLY** electronic service email address, and service through any other email address will be considered invalid.